Argued September 8, affirmed September 24, 1952

## WOODRUFF *v.* CHILD
### 247 P. 2d 1022

*Ronald L. Reilly,* of Portland, argued the cause for appellant. With him on the brief was Herbert W. White, of Portland.

*John Lichty,* of Portland, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

LATOURETTE, J.

Plaintiff appeals from a decree dismissing his complaint which prayed for an accounting based on a partnership relationship between the parties.

A written agreement of partnership was entered into between plaintiff and defendant on August 17, 1945, involving the manufacture and sale of a hair-waving comb on which the plaintiff had a patent and which the defendant agreed to manufacture. It was agreed that the project should be carried forward for a tentative 13-week period, the defendant to pay plaintiff $50 per week and living expenses, and defendant to receive the sum of $150 per month for his compensation. At the end of the 13-week period, it was contemplated that, if the venture proved profitable, a limited partnership should be entered into whereby defendant should be the limited partner with liability fixed at $5,000. The limited partnership arrangement was abandoned and a corporation was formed because it was thought that the business could be handled more expeditiously by a corporation rather than by a partnership. All of the parties' rights were assigned to the corporation, and stock was divided between them and defendant's wife. Later on, defendant and his wife sold their stock to plaintiff.

It is contended by plaintiff that, prior to the incorporation, defendant had received moneys on account of the partnership for which he failed to account. Defendant counters with the claim that immediately prior to the organization of the corporation a full and complete accounting was had between the parties, a balance was struck, the account was agreed to, all the disputes between the parties were finally and fully settled, and that there was an account stated between them, all of which, in his reply, plaintiff denies. The learned trial judge, with many years of trial experience, in dismissing the complaint after the trial was had, stated:

" 'Plaintiff and Defendant agreed to eliminate the limited partnership and form a corporation,

meanwhile continuing the tentative form of the business. The corporation was organized and Defendant did sell his interest to the Plaintiff for $7,500.00. Prior to such organization and sale the parties had adjusted their differences fully and understandingly and an account was stated between them which was later merged into the corporation organized, after which Defendant sold to Plaintiff. There appears no basis for Plaintiff's demand for an accounting. This has already been made. The parties have struck a balance and that balance has been discharged.' "

All of the evidence, other than plaintiff's testimony, including the testimony of Newton, the accountant in charge of the books, the sales manager, Hemenway, and W. Elmer Ramsey, attorney for both parties, sustains defendant's claim that a final partnership accounting was had between the parties prior to the organization of the corporation.

It will be unnecessary to go into the evidence in the case as the lawsuit turns largely on the credibility of the witnesses, whom the trial judge saw and heard. We are of the opinion that his dismissal of plaintiff's complaint was proper.

AFFIRMED.